IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| DEMETRIUS M. EDWARDS | * | |
| Plaintiff, | * | |
| v. | * | 3:09-CV-660-ID |
| | | (WO) |
| SHERIFF JAY JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 complaint alleging that Defendants were deliberately indifferent to his serious medical needs. The named defendants are Sheriff Jay Jones, Major C. Torbert, Captain C. Welch, Lieutenant T. Jones, and Officer Spraggins. Plaintiff alleges that Defendant Spraggins ignored his request for medical attention while he was having an asthma attack and failed to report this emergency condition to the medical department. The complaint, however, is devoid of any complaints or allegations against Defendants J. Jones, Torbert, T. Jones, or Welch. The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against these individuals.

While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against Defendants J. Jones, C. Torbert, C. Welch, and T. Jones. These individuals are, therefore, due to be dismissed as parties to the complaint. *See Potter v.*

*Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants J. Jones, C. Torbert, C. Welch, and T. Jones be DISMISSED without prejudice and prior to service of process;

2.  Defendants J. Jones, C. Torbert, C. Welch, and T. Jones be DISMISSED as parties to the complaint under 28 U.S.C. § 1915(e)(2)(B); and

3.  This case with regard to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **August 10, 2009** the parties are DIRECTED to file any objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 28th day of July, 2009.

                                                       /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE