IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

DEMETRIUS M. EDWARDS            *

      Plaintiff,                    *

          v.                      *            3:09-CV-660-ID
                                         (WO)

OFC. SPRAGGINS                  *

      Defendant.                    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Plaintiff, formerly an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, alleges that the defendant, Officer Josh Spraggins, was deliberately indifferent to his serious medical needs.[1]  Plaintiff seeks injunctive relief and damages for the alleged violation of his constitutional rights.

Defendant filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendant asserts that Plaintiff failed to exhaust an administrative remedy available to him while incarcerated at the Lee County Detention Facility.  Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendant's report as a motion for summary judgment.  (*Doc. No. 29.*) *See Bryant v. Rich*, 530 F.3d 1368, 1375 and n. 11 (11th Cir. 2008)

_____

[1] At the time he filed this action, Plaintiff was an inmate at the county jail.

(Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). Thus, this case is now pending on Defendant's motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v.*

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

*Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met his evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of

3

a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Medical Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

4

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party

5

must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-530 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Matsushita*, *supra*.

## II. DISCUSSION

Plaintiff challenges the adequacy of medical care he received on May 25, 2009 while incarcerated at the Lee County Detention Center. (*Doc. No. 1*.) In his dispositive motion, the Defendant asserts that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant maintains that with respect to the claim presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at the Lee County Detention Center via the jail's inmate grievance procedure. (*See Doc. No. 28 at pgs. 5-6, 10, 13-15; Torbert Aff., Spraggins Aff.; Exh 23.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner

can seek relief in federal court on a 42 U.S.C. § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexande*r v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).   Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*.  at 93 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings....  Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that

7

provision into a largely useless appendage." *Woodford*, 548 U.S. at 90-91. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).  Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

In support of his exhaustion argument, Defendant has submitted his affidavit as well as provided affidavits from Nurse Fears and Major Cary Torbert along with copies of several inmate request slips submitted by Plaintiff during his incarceration.[3] (*Doc. No. 28, Spraggins Aff., Fears Aff., Torbert, Aff.*)  Defendant Spraggins, along with Nurse Fears and Major Torbert, affirm that, at all times relevant to this litigation, the Lee County Detention Center maintained an inmate grievance procedure. (*Id. at Spraggins Aff., Torbert Aff., Exh. 23*.) According to Defendant, this administrative remedy is available to all Lee County Detention

---

[3]The affidavit of Sergeant Matt Cowhick is also attached to in support of Defendant's dispositive motion.  The affidavit is not signed and, therefore, the court has not considered it. *See* Rule 56, *Federal Rules of Civil Procedure*.

Center inmates, including Plaintiff during the time of his incarceration.  (*Id*.)   Defendant contends that a search of Plaintiff's inmate records reflect that he never filed any grievance regarding the matter made the subject of his complaint.  (*Id. and Exhs. 11-13, 15-17, 21-22*.)

In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Lee County Detention Center.  Rather, Plaintiff maintains that he submitted two grievances regarding the May 25, 2009 incident which he gave to a "superior officer" and also spoke to a "superior officer about the matter,  but contends that he did not receive any response to his three attempts to three different "superior officers" and as he did not receive a response to his grievances he filed a complaint.  Attached to Plaintiff's opposition is  an exhibit which he maintains is an original true  copy of a grievance he filed concerning the matter made the subject of this complaint.  The document submitted by Plaintiff is a copy of a sheet of paper containing his name, his cell number,  notes the date as May 25, 2009  and the time as 9:45 p.m., and indicates that the document is in regard to a refusal of medical treatment for him by Defendant.  (*Doc. No. 37 at pgs. 5-6, Exh. 1*.)

The record in this case establishes that the Lee County Detention Center provides a procedure for inmate grievances and requests.  Defendant submitted evidence that inmates at the  detention center are furnished with appropriate forms for the purpose of stating their request or grievance, and that during the period of Plaintiff's confinement he submitted several  requests on the forms provided by the jail for inmate requests and grievances  and

was, therefore, clearly aware of the procedure to follow regarding submission of inmate requests and grievances. Plaintiff's evidence has not successfully rebutted this showing that a grievance process was available. Plaintiff fails to allege exactly what transpired when he attempted to grieve his claim against Officer Spraggins. His allegations do not name the "superior officers" to whom he allegedly gave the grievances nor does he provide specific dates of these instances. Without more specific allegations, Plaintiff cannot overcome Defendant's evidence showing that a grievance system was available at the jail for Plaintiff's claim and that he failed to properly avail himself of that process.

The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he properly exhausted his administrative remedies and/or demonstrated that was denied access to those administrative procedures. The undersigned finds there is no dispute of material fact that Plaintiff failed to properly exhaust his administrative remedies with respect to his claim of deliberate indifference to his medical needs. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

10

Plaintiff is not presently confined in the Lee County Detention Center.  Thus, the administrative remedy provided by Defendant is no longer available to Plaintiff.  Under such circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment (*Doc. No. 28*) be GRANTED to the extent that Defendant seeks dismissal of this case for Plaintiff's failure to exhaust  available administrative remedies;

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Lee County Detention Center; and

3.  No costs be taxed herein.

11

It is further

ORDERED that on or before **July 25, 2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2011.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

12